IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 4:08cr24-SPM

JOSHUA PANNELL,

       Defendant.
_____/

**ORDER DENYING MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE**

This cause comes before the Court on Defendant Joshua Pannell's Motion to Modify Conditions of Supervised Release (doc. 38). Defendant states that he wishes to move to West Palm Beach to live with his mother-in-law, wife, and children, and that if required to remain in Tallahassee he will not have a place to stay. He requests that he be allowed to move to West Palm Beach, with or without a transfer of supervision to the Southern District of Florida.

Defendant has failed to make reasonable progress on the terms of his supervision. He was ordered to complete 500 hours of community service on April 13, 2009.[1] Defendant acknowledges that he has completed just 120 hours

---

[1] The Court sentenced Defendant on October 30, 2008, to a term of 1 day imprisonment, followed by 3 years supervised release that included 6 months home detention. The 6 months home detention was an alternative sanction, imposed in place of a longer term of imprisonment. Defendant was unable to

to date, and probation records show that Defendant has completed only 70 hours. Defendant was not been employed during this period and he has not offered any explanation for his lack of progress. Allowing Defendant to move to West Palm Beach, with or without a transfer of supervision, is not a viable option given his poor history of compliance. Accordingly, it is

ORDERED AND ADJUDGED: the Motion to Modify Conditions of Supervised Release (doc. 38) is denied.

DONE AND ORDERED this 30th day of March, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge

---

complete his period of home detention because the telephone at his mother-in-law's home, where he was living, was disconnected. The Court ordered Defendant to complete the 500 hours of community service as a substitute for the 6 months of home detention. When the condition was imposed, the Court advised Defendant that a reduction of the number of hours would be considered if Defendant became employed.